UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff, v. ROBERT E. BASKIN, Defendant. | Case No.: 26-cv-3207-RSH-VET **ORDER (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS, AND (2) REMANDING ACTION TO STATE COURT** [ECF Nos. 2, 3, 5, 6] |

On April 25, 2026, defendant Robert E. Baskin was arrested following the filing of a criminal complaint against him by the People of the State of California in the Superior Court of California, County of San Diego. ECF No. 4 at 6. On May 22, 2026, Defendant, proceeding *pro se*, removed the state criminal action to this Court. ECF No. 1. The same day, he moved to proceed *in forma pauperis* ("IFP"). ECF No. 3. Thereafter, on July 8, 2026, Plaintiff filed an amended notice of removal. ECF No. 4. Defendant also filed a motion to quash his arrest warrant, and ex parte motions for leave to file electronically and waive PACER access fees. ECF Nos. 2, 5, 6.

## I. MOTION TO PROCEED IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28

U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not just prisoners, may seek IFP status."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing an inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life[.]" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Here, Plaintiff represents that his gross wages are $0 per month, his take-home pay is $0 per month, and that he has no monthly expenses. Plaintiff further represents that over the last 12 months, he has not received income from other sources. ECF No. 3 at 1-3. It is unclear to the Court how Plaintiff is securing the necessities of life without any expenses. *See Peter J. v. Kijakazi*, No. 23-CV-02240-JLB, 2023 WL 9111249, at *2 (S.D. Cal. Dec. 8, 2023) ("In the absence of an explanation of, for example, Plaintiff's living situation with no income and no expenses, the Court is left with questions that could go to the accuracy and completeness of the affidavit."). It is simply not credible to assume that Plaintiff has no income and no expenses. *See Ritchie v. Hill*, No. 23-CV-2163 JLS (BLM), 2023 WL 8439564, at *2 (S.D. Cal. Dec. 5, 2023) ("The Court does not find it credible that Plaintiff has no expenses whatsoever."); *Aphrodite v. Rego*, No. 22-CV-1597 JLS (DEB), 2022 WL 17097434, at *1 (S.D. Cal. Nov. 21, 2022) ("The Court finds it incredible that Aphrodite has no assets, income, expenses, or debts whatsoever[.]").

Accordingly, based on the lack of "particularity, definiteness and certainty" in the information provided, the Court lacks sufficient information to determine whether Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. As such, the Court denies Plaintiff's IFP motion.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

**A. Legal Standard**

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal should the Court determine, *inter alia*, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In addition to reviewing IFP complaints under § 1915, "[f]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Courts address the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (alteration in original) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

//

//

**B. Discussion**

Here, Defendant seeks to remove his state criminal prosecution pursuant to 28 U.S.C. § 1443(1), invoking 42 U.S.C. §§ 1981 and 1982 as the source of the Court's subject matter jurisdiction. ECF No. 4 at 1, 13.[1]

Defendants' notice also argues removal is proper under 28 U.S.C. § 1443(1), which "provides an exception to the well-pleaded complaint rule[.]" *See Cap. One, N.A. v. Fareed-Sepehry-Fard*, No. 17-CV-07241-BLF, 2018 WL 4781441, at *2 (N.D. Cal. Feb. 7, 2018). Section 1443(1) authorizes removal of a criminal action commenced in state court where the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). All petitions for removal under § 1443(1) must satisfy two criteria: (1) a defendant must "assert, as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights" and (2) must assert that "the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Hawaii v. Macomber*, 40 F. App'x 499, 500 (9th Cir. 2002) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1971)). "[T]hat allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Here, Defendant asserts that removal of the state court criminal action is authorized under 28 U.S.C. § 1443. Defendants argue that removal is proper because prosecution of the unlawful detainer action would violate the Fourth, Fifth, Sixth, and Fourteenth

---

[1] Although Defendant also cites 28 U.S.C. § 1455, "[s]ection 1445 describes the procedural mechanism for removing a criminal case; the substantive basis for removal of a criminal prosecution is derived from Sections 1442, 1442a, and 1443." *Dominguez v. California*, No. 20-CV-01685-JD, 2020 WL 3892875, at *1 (N.D. Cal. July 10, 2020).

Amendments. Defendant failed to demonstrate that he has been denied the right to racial equality in state courts as required under § 1443. Defendant's criminal complaint asserts three counts of filing a false instrument and one count of attempted grand theft of personal property. ECF No. 4 at 4. Defendant's notice of removal fails to identify "an explicit statutory enactment protecting equal racial civil rights." *See California v. Dawodu*, 122 F. App'x 884, 885 (9th Cir. 2004) (affirming the district court's order remanding defendant's state criminal action because Section 1983 and Section 1985 "do not provide for specific civil rights 'stated in terms of racial equality.'"); *Hawaii v. Macomber,* 40 F. App'x 499, 500 (9th Cir. 2002) (affirming district court's remand of defendant's state criminal action where the statues he cited as a basis for removal do not protect "equal racial civil rights"). Moreover, Defendant does not identify any state law or state constitutional provision that suggests that the state court would not enforce his civil rights in the state court proceedings.

The Court concludes that Defendant has not carried his burden to demonstrate that this case is removable under 28 U.S.C. § 1443.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to proceed IFP [ECF No. 3] and **REMANDS** the action to the Superior Court of California, County of San Diego. All other pending motions [ECF No. 2, 5, 6] are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: July 24, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge